1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10  CHAD EDWIN BRACKETT,                    )     Civil No. 13cv2724 JAH
                                            )     Criminal No. 11cr2393 JAH
11                      Petitioner,         )
                                            )
    v.                                      )
12                                          )     **ORDER DENYING CERTIFICATE**
    UNITED STATES OF AMERICA,               )     **OF APPEALABILITY**
13                                          )
                        Respondent.         )
14  _____       )

15         On January 3, 2014, this Court denied Petitioner Chad Edwin Brackett's

16  ("petitioner") amended motion to vacate his conviction for conspiracy to distribute

17  methamphetamine in violation of 21 U.S.C. §§ 841 (a)(1) and 846. See Doc. # 193.

18  Thereafter, on January 30, 2014, petitioner filed a notice of appeal and an application for

19  a certificate of appealability. See Doc. # 196; Doc. # 197.

20         A certificate of appealability is authorized "if the applicant has made a substantial

21  showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2).  To meet this

22  threshold showing, a petitioner must show that: (1) the issues are debatable among jurists

23  of reason; (2) a court could resolve the issues in a different manner; or (3) the questions

24  are adequate to deserve encouragement to proceed further.  Lambright v. Stewart, 220

25  F.3d 1022, 1024-25 (9th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473 (2000) and

26  Barefoot v. Estelle, 463 U.S. 880 (1983)).

27         Petitioner seeks to appeal this Court's order denying his motion pursuant to 28

28  U.S.C. § 2255 motion.  In his motion, petitioner argued his attorney was ineffective for

13cv2724

1    failing to challenge his classification and sentence as a career offender and for failing to

2    challenge the drug amount upon which he was indicted.  The Court determined that

3    petitioner did not assert: (1) a claim of ineffective assistance of counsel challenging the

4    voluntariness of his plea; (2) that the Court failed to satisfy the requirements under

5    Federal Rule of Criminal Procedure 11 to ensure petitioner knowingly and voluntarily

6    waived his right to directly or collaterally attack his judgment and sentence; and (3) that

7    his sentence was not in accordance with the negotiated plea agreement or that his sentence

8    violated the law.  The Court therefore concluded that petitioner's challenge to his

9    conviction was simply a collateral attack on his sentence that fell within the parameters

10   of his waiver and no exception applied.

11          Based on this Court's review of the record, the Court finds no issues are debatable

12   among jurists of reason and no issues could be resolved in a different manner.  This Court

13   further finds that no questions are adequate to deserve encouragement to proceed further.

14          Accordingly, IT IS HEREBY ORDERED that petitioner is **DENIED** a certificate

15   of appealability.

16

17   Dated: February 10, 2014

18                                                    _____

19                                                    JOHN A. HOUSTON
                                                     United States District Judge

20

21

22

23

24

25

26

27

28