UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>v.<br><br>CHAD EDWIN BRACKETT,<br><br>                          Defendant. | Case No.: 11cr2393-JAH<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (Doc. No. 237).** |

## **INTRODUCTION**

Pending before the Court is Defendant Chad Edwin Brackett's Motion for Compassionate Release. *See* Doc. No. 237. The Government does not oppose the motion. *See* Doc. No. 238. After a careful review of the pleadings submitted, and for the reasons set forth below, IT IS HEREBY ORDERED the motion is **GRANTED**.

## **BACKGROUND**

Defendant Chad Edwin Brackett ("Defendant' or "Mr. Brackett") pled guilty to an information charging him with knowingly and intentionally conspiring with others to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. *See* Doc. No. 85 at 2. On January 22, 2013, the Honorable Irma E. Gonzalez sentenced Defendant to 151-months in custody, and five years of supervised release. *See* Doc. Nos. 177, 184.

On July 21, 2020, Defendant, through counsel, filed a motion for Compassionate Release under the First Step Act, citing pre-existing conditions of HIV and Hepatitis C[1] and the ongoing health concerns brought by COVID-19 throughout the BOP as the basis. *See* Doc. No. 237.  Defendant represents that he requested release to home confinement to the Warden of Tucson USP (hereinafter, "BOP"). *See* Doc. No. 237-1 at 3-4. The BOP subsequently denied Mr. Brackett's request. *See id.* at 5.

The Government filed a response stating their non-opposition to Defendant's motion on July 21, 2020. *See* Doc. No. 238. While the Government does not oppose Defendant's motion, it does express concern regarding Defendant's disciplinary record. Specifically, the Government recalled an incident where, "Defendant clinched his fists and lunged in an attempt to assault staff. (Citation omitted). Defendant was then placed in the Special Housing Unit. (Citation omitted). Several hours later, Defendant became disruptive. As staff members were removing Defendant's leg irons, Defendant pulled away and attempted to kick and spit on staff. (Citation omitted). While Defendant claimed he could not recall the two incidents, [citation omitted], Defendant was found guilty of attempting to assault staff and assaulting staff. (citation omitted)." *Id*. at 3.

## **LEGAL STANDARD**

Under § 3582, as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a

---

[1] Mr. Brackett's motion also lists other health issues; however, the Court finds only his HIV and Hepatitis C diagnosis are relevant here.

reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). The relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. 1. The Commission also requires the defendant not pose a danger to the safety of the community as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(2).

## DISCUSSION

Defendant seeks review of his sentence under § 3582(c). He has exhausted his administrative remedies.

### a. Extraordinary and Compelling Reasons

To be eligible for compassionate release, Defendant must demonstrate that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent [with] applicable policy statements" issued by the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Although the statute does not define "extraordinary and compelling circumstances," the U.S. Sentencing Commission has identified four categories of situations that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. 1B1.13, application note 1(A). In application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release for a medical condition provides as follows:

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required[.]
> (ii) The defendant is—
>   (I) suffering from a serious physical or medical condition,
>   (II) suffering from a serious functional or cognitive impairment, or
>   (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

United States Sentencing Guidelines, Application Notes, § 1B1.13(1)(A). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(D).

Relevant to the Court's analysis, as reported in his Pre-Sentence Report, his motion, and BOP medical records, Defendant has Hepatitis C, [see doc. no. 179 at 12], and HIV, [doc. no. 238-1 at 3-5]. The Court finds that Mr. Brackett's underlying medical conditions qualify as extraordinary and compelling reasons to reduce his sentence that are consistent with the Guidelines' policy statement. According to the CDC, there is "no information about whether people with hepatitis B or hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19. However, based on available information and clinical expertise, older adults and people of any age who have serious underlying medical conditions, including people with liver disease, might be at higher risk for severe illness from COVID-19, particularly if the underlying medical conditions are not well controlled." *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last visited November 12, 2020). Similarly, the CDC states that those with serious underlying medical conditions might be at increased risk for severe illness, which includes people who have weakened immune systems. The CDC states this risk is greatest in people "with a low CD4 cell count, and people not on effective HIV treatment[.]" *See* https://www.cdc.gov/hiv/basics/covid-19.html. (last visited November 12, 2020). While the effectiveness of Mr. Brackett's treatment was not presented, the seriousness of his medical conditions and the risk of severe illness while imprisoned is an extraordinary and compelling circumstance as defined by United States Sentencing Guidelines, Application Notes. *See e.g., United States v. Ludwig*, 2020 WL 4547347 (E.D. Cal. August 6, 2020); *United States v. Brown*, 2020 WL 4745098 (S.D.N.Y. June 17, 2020).

**b. Factors Under 18 U.S.C. § 3142(g)**

Even where extraordinary and compelling reasons exist, the district court must consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1)(A), (2), cmt. n.

1. To make this assessment, the Court is directed to the factors set out in § 3142(g), including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose.

Here, the offense of conspiracy to distribute methamphetamine, while serious, is not a violent crime. While Mr. Brackett has an extensive criminal history, his assault conviction is nearly two decades old, while the remainder of his criminal history are drug-related offenses. *See* Doc. No. 179 at 5-11. The Court is also concerned with Mr. Brackett's most-recent disciplinary record. However, on balance, the Court determines Defendant's release from custody is appropriate.

### c. Factors Under § 3553(a)

Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary, ... (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)-(D). The sentencing court is also directed to consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" *Id*. § 3553(a)(1), (6).

Defendant argues that § 3553(a) factors are in favor of his early release. The Government requests the Court impose Mr. Brackett to "home confinement with location monitoring. . . until January 1, 2021, with location monitoring for a period of 90 days. . . the Government also recommends that the Court order Defendant to participate in mental

health treatment as a condition of supervised release[, and finally, the Government requests that] the Court require Defendant to complete a 14-day quarantine period and obtain medical clearance from the BOP that he is not infected with COVID-19." *See* Doc. No. 238 at 3.

The Court has considered the § 3553(a) sentencing factors and finds that these factors are in Mr. Brackett's favor. Defendant has already served approximately 95% of his overall sentence, which reflects the custodial sanction to date has adequately addressed the seriousness of Mr. Brackett's offense and adequately deters similar criminal conduct. The Court also recognizes the support Mr. Brackett has from his mother and extended family to assist in his adjustment to a law-abiding life.

The Court orders the remainder of Mr. Brackett's sentence, until January 1, 2021, shall be served by way of home confinement. Defendant shall complete a 14-day quarantine period and obtain a medical clearance from the BOP that he is not infected with COVID-19 prior to his release. The Court further orders mental health treatment as a condition to supervised release. This, in conjunction with five years of supervised release, will serve as a deterrent to future criminal conduct and provide fair and reasonable punishment.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED the motion for Compassionate Release is **GRANTED**.

**IT IS SO ORDERED.**

DATED: November 19, 2020

_____
JOHN A. HOUSTON
United States District Judge